IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| FREDRICK TUCKER, #382662, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:23-cv-00037 |
| | ) | |
| GRADY PERRY, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Fredrick Tucker, a state inmate currently in custody at the Northeast Correctional Complex (NECX) in Mountain City, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) in which he claimed violations of his rights that occurred while he was in custody at the South Central Correctional Facility (SCCF) in Clifton, Tennessee. However, Plaintiff but did not pay the civil filing fee, nor did he seek leave to proceed in forma pauperis (IFP).

On July 24, 2023, the Court ordered Plaintiff to cure this filing-fee deficiency within 30 days. (Doc. No. 5.) He has yet to do so, though he has filed a motion for extension of the 30-day deadline. (Doc. No. 8.)

On July 31, Plaintiff filed an Amended Complaint (Doc. No. 6) re-asserting his claims of First Amendment retaliation and deliberate indifference to his health and safety, and naming as Defendants the SCCF Warden, Grady Perry; the Commissioner of the Tennessee Department of Correction; and three correctional officers at SCCF. (*Id.* at 1, 4.) The Amended Complaint also alleges "ongoing acts of reprisal" after Plaintiff was transferred to NECX, including "being forced to be housed with individuals whom the staff were told posed a significant threat to his life." (*Id.*

at 8.) As relief, Plaintiff "seeks monetary damages for pain and suffering, and emotional distress." (*Id.* at 9.)

On August 4, Plaintiff filed a Motion for Preliminary Injunction. (Doc. No. 7.) In this Motion, Plaintiff alleges that the threats and other retaliation he faced at SCCF culminated in his transfer to NECX, where "Warden Eller and his staff have acted directly in concert to facilitate significant risks to Plaintiff's safety by forcing him to be housed/cellmates with affiliations whom asserted the threats" against him at SCCF. (Doc. No. 7 at 2.) It appears (though it is not perfectly clear from the Motion) that Plaintiff is already in protective custody at NECX, but nonetheless feels unsafe because he shares a housing unit and cell with gang-affiliated inmates and "there have recently been several murders in protective custody." (*Id.* at 2–3.) He states that he "has discussed his concerns with multiple NECX staff," but those staff members stated "they have no reports of anything directly related to any form of threats." (*Id.* at 2.) NECX staff's only response to Plaintiff's concerns has been to impose "further retaliate[ion]" or "unjustifiable disciplinary" action on him. (*Id.*)

Invoking the provision of the Federal Rules of Civil Procedure that authorizes Temporary Restraining Orders (TRO), Fed. R. Civ. P. 65(b), Plaintiff asserts that he is likely to succeed on the merits of his claim of retaliation at SCCF; that he faces immediate and irreparable injury from his confinement with inmates "with affiliations" at NECX; and that no substantial harm would result to third parties or public interests "if Plaintiff is kept in isolated confinement for 2 years (remainder of sentence), because defendants have an obligated duty to provide him safety and protection per TDOC policy." (*Id.* at 3.)

In determining whether to issue a TRO or preliminary injunctive order under Federal Rule of Civil Procedure 65, a district court ordinarily weighs the following four factors: (1) the movant's

likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020) (quoting *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)); *see Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction).

Before the Court may properly consider the above factors, however, a TRO movant must by rule comply with specific procedural requirements, including the requirement that the TRO motion be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); *see also* M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Here, Plaintiff has failed to fulfill this procedural requirement. Neither his original Complaint (Doc. No. 1) nor his Amended Complaint (Doc. No. 6) are verified, and he has not filed a separate affidavit in support of his request for emergency injunctive relief. Furthermore, his request for such relief is entirely unrelated to his claims against the Defendants to this action, from whom he seeks damages for threats he faced at SCCF and retaliatory actions taken against him there. "Even if he had complied with the requirements of Federal Rule of Civil Procedure 65 and Local Rule 65.01, [Plaintiff] may not seek relief in this action that is unrelated to the claims that are before the Court." *Montgomery v. Wellpath Med.*, No. 3:19-CV-00675, 2022 WL 1598253, at *2 (M.D. Tenn. May 19, 2022) (denying a TRO motion that is "unrelated to [the plaintiff's] claims and asks the Court to address actions taken by individuals who are not parties to this case").

3

Finally, Plaintiff has not yet accomplished the proper filing of this action, as he has not paid the full filing fee or secured permission to proceed without prepayment. This deficiency must be cured in accordance with the Court's instructions in its July 24 Order (Doc. No. 5) before the Court can consider any future motion Plaintiff may file. Plaintiff's motion for an extension of time to cure the filing-fee deficiency (Doc. No. 8) is **GRANTED**. Within **30 DAYS** from the entry of this Order, Plaintiff must either pay the filing fee or file an application to proceed without prepayment.

For the reasons given above, Plaintiff's Motion for Preliminary Injunction (Doc. No. 7) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE