**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **FREDRICK TUCKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:23-cv-00037** |
| | ) | |
| **GRADY PERRY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Before the Court in this First Amendment retaliation action is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 114) recommending that the Court grant Warden Grady Perry's Motion for Summary Judgment (Doc. No. 97) and dismiss this lawsuit. Fredrick Tucker, proceeding pro se, filed objections (Doc. No. 118), to which Perry responded (Doc. No. 122). For the following reasons, Tucker's objections will be overruled, and the R&R will be approved and adopted.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Under Local Rule of Civil Practice 72.02, objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made[.]" See also Fed. R. Civ. P. 72(b)(2) (Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration.).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x

354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Additionally, arguments raised for the first time to the district court on objection are not properly before the district court for consideration, because arguments are generally forfeited when not first presented to the Magistrate Judge. See AES-Apex Emp. Servs., Inc. v. Rotondo, 924 F.3d 857, 867 (6th Cir. 2019); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted) (explaining that petitioner waived claims raised for the first time in his objections to the R&R).

"The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." Id.

To succeed on a First Amendment retaliation claim, a plaintiff must show that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Thaddeus–X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "The plaintiff has the burden of proof on all three elements." Murray v. Unknown Evert, 84 F.App'x. 553, 556 (6th Cir. Dec. 8, 2003).

## II. DISCUSSION

This 42 U.S.C. § 1983 action was initiated in May of 2023 when Tucker was an inmate at South Central Correctional Facility ("SCCF"). (Doc. No. 1). It has since been whittled down to a First Amendment retaliation claim against Warden Grady Perry (following three amended complaints (Doc. Nos. 12, 28, 54) and dismissal of the other defendants and the Eighth Amendment claim (Doc. Nos. 14, 82, 85)). Although a "close call" on initial review, the Court found Tucker had adequately alleged that Perry retaliated against him for engaging in protected First Amendment activity (i.e., filing grievances and a 2021 lawsuit concerning prison conditions). (Doc. No. 14 at 9-11). Perry plausibly "took a sufficiently adverse action against Plaintiff by reassigning him from the [prison] Annex to the general population—where there had been threats placed upon his life of which Perry was completely aware—knowing that Plaintiff would refuse reassignment and incur disciplinary action" and other adverse consequences (such as losing opportunities for better prison jobs and eligibility for placement in a different institution). (Id. at 6) (internal quotations and citation omitted). This adverse action was allegedly motivated by Tucker's petitions for redress. (See id. at 5-6).

On Perry's motion for summary judgment, the Magistrate Judge found that the evidence did not support a retaliation claim. (Doc. No. 114 at 11-12). Tucker now "objects to multiple portions of the report and recommendation," and "requests that this Court conduct a full de novo review of every challenged portion [.]" (Id. at 1, 15).

What portions of the R&R does Tucker challenge? It is not clear. He certainly does not "pinpoint those portions of the magistrate's report" for the Court to review, see Mira v. Marshall,

806 F.2d 636, 637 (6th Cir. 1986) (quotations and citation omitted), or include "appropriate citations to the record." See Bell v. McLemore, No. 3:18-CV-01173, 2019 WL 1324598, at *2 (M.D. Tenn. Mar. 25, 2019). He undoubtedly "relies on" certain of his own filings, "relevant portions" of Perry's filings, and "upon the entire record in this cause." (Doc. No. 118 at 1). At times, he references unenumerated exhibits, (id. at 7) (citing "(Exhibit #.)"), or, when enumerated, includes no docket entry or page number to aid the Court's review.[1] See Stone v. Associated Wholesale Grocers, Inc., 811 F. Supp. 3d 935, 941 (M.D. Tenn. 2025) (finding that a specific objection "includes citations to the record that alerts the Court on what [he] contends is the legal error in the R&R"). He quotes from the operative complaint without specifying paragraph or page number, (Doc. No. 118 at 1) (citing "(TAC)"), and includes quotations without any reference citation at all. (See, e.g., id. at 2-3, 9).

"[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991)). These objections are far from clear.

Recognizing that Tucker is proceeding without counsel, the Court has attempted to discern which (if any) of his objections have merit. They begin with "factual assertions," (Doc. 118 at 2-3) (cleaned up), that focus on various members of SCCF staff and do not mention any specific actions—retaliatory or otherwise—taken by the only remaining defendant. The "argument" section includes general and conclusory arguments with only one reference to the Magistrate

[1] (See, e.g., Doc. No. 118 at 2) (citing "the evidence he submitted in (Exhibit #3)"); (id. at 3 (citing "evidence marked as Exhibit #2")). These referred-to exhibits seem to be included in a document spanning over one hundred pages, (Doc. No. 112), and the lack of specific citations further hinders the Court's review of them.

Judge's findings. (Doc. 118 at 4-10). "[T]he R&R addresses Plaintiff being granted permission to make a supplemental filing of his exhibits because they were not received by the Court at the time of his initial response." (Id. at 9). Although apparently asking the Court to infer some form of misconduct on the part of SCCF staff relating to the once-missing exhibits, Tucker does not explain how the Magistrate Judge's finding helps his case in any way, that it was in error, or that he was prejudiced by the delayed filing.

The closest he comes to raising a specific objection is to the finding that he failed to present evidence of retaliatory motive. "[T]he Report and Recommendation recognizes that Plaintiff satisfies the protected-conduct element. The disputed question is therefore not whether Plaintiff engaged in protected activity, but whether the later actions against him were sufficiently adverse and whether the record permits a reasonable inference that those actions were motivated, at least in part, by that protected activity." (Doc. No. 118 at 11). He clearly agrees with the conclusion that he satisfied the protected-conduct element; however, he then fails to address the R&R. Focusing instead on "Defendant's stated reason" and "Defendant's entire posture," (id. at 11-12), he simply "rehash[es] the arguments from [his] response" to Perry's summary judgment motion. See Jarbou v. JPMorgan Chase Bank N.A., 611 F. App'x 342, 343 (6th Cir. 2015) (affirming adoption of R&R; "rehashed" argument insufficient to constitute specific objection). Procedurally, this is not enough to launch a proper objection.

Substantively, Tucker still needs to show two more elements for his retaliation claim: 2) Perry's adverse action 3) that was motivated by Tucker's petitions for redress. See Thaddeus–X, 175 F.3d at 394 (6th Cir. 1999). He devotes a subsection to motive; it consists of two sentences, no citations to the record or legal authority, no specific mention of Perry, and vague reference to "medical correspondence" that ostensibly supports his claim. (Doc. No. 118 at 11). He later asks

the Court to conduct a "de novo review of newly introduced evidence" in the form of his sister's declaration. (Id. at 112 n.1); (see also Doc. No 119 at 13). Tucker offers no clear explanation for why this evidence was not presented before, and it is not properly before the Court on review of an R&R. See Rotondo, 924 F.3d at 867 ("[A] district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."); see also Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("The district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact."). The Court has no grounds to disturb the Magistrate Judge's findings based on insinuations of elusive or belated evidence.

## III. CONCLUSION

Pro se filings should be liberally construed, Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citations and quotation marks omitted), but federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (finding no cause for extension of liberal pleadings rules applicable to pro se litigants "to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The procedural rules discussed in this opinion should come as no surprise to Tucker, as the R&R provided him with fair notice of how (and when) he could present his objections. (See Doc. No. 114 at 15) (Objections are due in fourteen (14) days and "must state with particularity the specific portions of this Report and Recommendation to which objection is made.") (citing Fed. R. Civ. P. 72(b); Local Rule 72.02(a)). The interests of judicial economy are not served by courts hunting for meritorious needles in the haystacks of litigants' papers—whether filed by represented or pro se parties. And even in searching for merit, the Court finds none.

An appropriate order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE